Kathleen A. SHINHOLSTER, Plaintiff,

v.

GEORGIA FARM BUREAU MUTUAL INS. CO., Defendant.

No. 5:94–cv–63–2 (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Oct. 2, 1995.

**914**

Michelle Wilkins Johnson, Macon, GA, for plaintiff.

Denmark Groover, Jr., Macon, GA, for defendant.

### ORDER

OWENS, District Judge.

Before the court is defendant's motion for entry of directed verdict. After careful consideration of the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

This matter was tried to a jury of twelve on April 25–26, 1995 in Macon, Georgia. Plaintiff claimed that defendant failed to promote her because of her sex, in violation of Title VII. Defendant moved for a directed verdict at close of plaintiff's case. The court ruled that the motion would be carried with the case. Defendant renewed its motion at the close of all evidence, and the court took it under advisement. When the jury was incapable of reaching a verdict, the court declared a mistrial. Defendant subsequently filed this procedurally proper motion for judgment as a matter of law ("JAML").

Under Federal Rule of Civil Procedure ("FED.R.CIV.P.") 50(b), whenever a JAML motion made at the close of all evidence is not granted, "the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion." And where, as here, "no verdict was returned, the court may, in disposing of the renewed motion, direct the entry of judgment as a matter of law or may order a new trial."

In considering a JAML motion, the court should "review all of the evidence in the light most favorable to, and with all reasonable inferences drawn in favor of, the nonmoving party." *Walker v. NationsBank of Florida, N.A.,* 53 F.3d 1548, 1555 (11th Cir.1995). A court properly grants JAML where "the facts and inferences are so strong in favor of one party that reasonable persons could not arrive at a contrary verdict." *Id.* Once the movant has properly supported its motion for JAML, the nonmovant must adduce substantial evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions, for only "a conflict in substantial evidence" will create a jury question. *Id.*

During the trial of the case, the court carefully observed the demeanor of the witnesses and the parties. The court thoroughly considered all of the evidence presented. After careful consideration of the record in this case, including the court's own vivid recollection of the trial, the court finds itself in agreement with the position set forth in defendant's motion for JAML and brief in support thereof.

Upon trial of the case, the evidence showed as follows. Plaintiff worked for defendant at its Macon, Georgia headquarters. An insurance company, Georgia Farm Bureau ("GFB") sells insurance to its members in Georgia's one-hundred and fifty-nine counties. Plaintiff worked for defendant as a brokerage underwriter "in house", and had consistently received positive evaluations. A brokerage underwriter was one who assisted company agents locate coverage for Farm Bureau customers on matters not covered by Farm Bureau. In that position, plaintiff experienced little if any contact with the insureds personally. By definition, a broker-

age underwriter was precluded from handling problems encountered by insureds under their respective policies with defendant. Plaintiff undoubtedly had done a fine job as a brokerage underwriter.

Defendant had an opening for a "field underwriter", a position which required a substantial amount of public interaction and experience in working without supervision. Field underwriters were required to travel extensively to meet on site with GFB's insureds. Field underwriters had extensive exposure to the public and customers personally.

Only plaintiff and one male, Mike Davis, applied for the field underwriter position. The evidence overwhelmingly demonstrated the necessity that a field underwriter be someone with good public relations skills and experience. Davis had been a chief deputy sheriff, a position requiring dealings with the public. And as a special investigator for defendant, Davis had gained other experience particularly valuable to the field underwriter's position. By contrast, plaintiff had very little public exposure, and had little if any experience in dealing with the public. The field underwriter needed to be good with people, not only over the phone but in person; plaintiff was simply not as well-qualified in that respect.

Pat Bradley, a male interviewing candidates for the position, selected Davis. However, Bradley's boss was Louise Pettis, a female whose approval was required for this hiring decision. Pettis stated that, as a female, she would have favored the female for the position if she properly could have done so.

Plaintiff produced no substantial evidence in opposition to defendant's legitimate nondiscriminatory reason. As defendant correctly notes in its brief, at 4, there was no evidence that Davis' application was solicited as an alternative to plaintiff; that Bradley exhibited or possessed a prejudicial attitude towards plaintiff; or that Bradley's explanation was merely pretext for a discriminatory decision.

Viewing the foregoing in light of the substantive law that governs this case, *see St.*

*Mary's Honor Center v. Hicks,* —— U.S. ——, —— ——, 113 S.Ct. 2742, 2746–50, 125 L.Ed.2d 407 (1993), it is the court's considered judgment that "the facts and inferences are so strong and overwhelmingly in favor of [defendant] that ... reasonable persons could not arrive at a contrary verdict...." *Walker,* 53 F.3d at 1555. "Reasonable and fair-minded persons, in the exercise of impartial judgment, would not conclude that [defendant] had discriminated against [plaintiff] on ... the basis of her ... sex...." *Id.* at 1558. Plaintiff has simply failed to create the requisite "conflict in substantial evidence" for the case to be submitted to the jury. *Id.* at 1555.

Defendant's brief provides an excellent summary of the case as interpreted by the court. The court adopts and incorporates defendant's brief in support of its JAML motion. Accordingly, **DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW IS GRANTED. LET JUDGMENT BE ENTERED IN FAVOR OF DEFENDANT.**

**SO ORDERED.**